IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CR 58-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DANE BETTINAZZI. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on February 11, 2015. At that time, the Court presented the issue as to whether or not Defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the Court pursuant to an oral motion made by counsel for Defendant requesting that Defendant continue to be released on terms and conditions of pretrial release pursuant to 18 U.S.C. § 3145(c). Defendant was present with his attorney, Mary Ellen Coleman and the Government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

1

**Findings.** On August 5, 2014 a bill of indictment was issued charging the Defendant with conspiracy to possess with intent to distribute heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. On February 11, 2015, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the Defendant to that charge. At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty to conspiracy to violate 21 U.S.C. § 841(a)(1) and 846. That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C).

The undersigned made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Thorneloe advised the Court that such a recommendation could not be made in this matter. The undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted due to the plea of guilty of Defendant. It would thus appear, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

Defendant's counsel made an oral motion contending that exceptional circumstances exist which would merit the continued release of Defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the undersigned to conduct the exceptional circumstances determination in criminal matters pending in this district.

The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.'"). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such

purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In support of Defendant's motion, Ms. Coleman proffered to the Court that Defendant's step-mother has developed cancer. Ms. Coleman further stated that that the prognosis for Defendant's step-mother is very poor and the step-mother's death is expected within the next several months. Defendant wishes to be continued on terms and conditions of release so he can spend time with his step-mother.

The undersigned has further considered the allegations that are contained in a Violation Report (#113) filed on February 9, 2015 in which it is alleged that Defendant has violated terms and conditions of his pretrial release by leaving his last known residence and failing to notify his United States Probation Officer and by testing positive for the use of marijuana on February 3, 2015.

After weighing all of the evidence and considering the definition of "exceptional circumstances" as set forth by Judge Reidinger, the undersigned cannot find that the proffer presented by Ms. Coleman shows there are exceptional reasons for Defendant's continued release and therefore Defendant's oral motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial

release in this matter are hereby revoked and it is **ORDERED** that the Defendant be placed in the custody of the United States Marshal pending sentencing. The undersigned **DENIES** the oral motion for continued release of Defendant pursuant to 18 U.S.C. § 314(c).

Signed: February 18, 2015

Dennis L. Howell
United States Magistrate Judge